IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH W. GOODLOW, </br>     Plaintiff(s), </br> vs. </br> C. TUCKER, et al., </br>     Defendant(s). | No. C 09-5786 CRB (PR) </br></br> ORDER OF DISMISSAL WITH LEAVE TO AMEND |

Plaintiff, a prisoner at the Correctional Training Facility (CTF), has filed a pro se civil rights complaint for damages under 42 U.S.C. § 1983 alleging that prison officials inappropriately reclassified and assigned him to close custody.

**DISCUSSION**

A.    Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

1  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two
2  elements: (1) that a right secured by the Constitution or laws of the United States
3  was violated, and (2) that the alleged violation was committed by a person acting
4  under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B. Legal Claims

Plaintiff's allegations that he was inappropriately reclassified and assigned to close custody does not state a claim for violation of the Eighth Amendment because misclassification does not inflict pain so as to constitute cruel and unusual punishment. See Hoptowit v. Ray, 682 F.2d 1237, 1255-56 (9th Cir. 1982). But the attachments to the complaint, which include plaintiff's administrative appeals, suggest that plaintiff may also be claiming that he was reclassified in retaliation for his having submitted a grievance regarding compatibility with this cell partner.

In order to state a § 1983 claim for retaliation, a prisoner must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action did not advance legitimate penological goals, such as preserving institutional order and discipline. See Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995). Plaintiff will be afforded an opportunity to amend to allege a retaliation claim, if possible. Plaintiff is reminded that he must link every named defendant with his allegations of wrongdoing by setting forth facts showing how each named defendant actually and proximately caused the deprivation of the federally protected right of which he complains. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). Conclusory allegations will not do. See id.

## CONCLUSION

For the foregoing reasons, the complaint is dismissed with leave to amend,

2

|   |   |
|---|---|
| 1 | as indicated above, within 30 days of this order.  The pleading must be simple |
| 2 | and concise and must include the caption and civil case number used in this order |
| 3 | and the words FIRST AMENDED COMPLAINT on the first page.  Failure to |
| 4 | file a proper amended complaint within the designated time will result in the |
| 5 | dismissal of this action. |
| 6 | Plaintiff is advised that the amended complaint will supersede the original |
| 7 | complaint and all other pleadings.  Claims and defendants not included in the |
| 8 | amended complaint will not be considered by the court.  See King v. Atiyeh, 814 |
| 9 | F.2d 565, 567 (9th Cir. 1987). |
| 10 | SO ORDERED. |
| 11 | DATED: April 15, 2010 |
| 12 | CHARLES R. BREYER<br>United States District Judge |

| | |
|---|---|
| 1 | G:\PRO-SE\CRB\CR.09\Goodlow, K2.dwlta.wpd |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | 4 |